No. 3665.

(Court of Appeal, Parish of Orleans.)

HIDDLESTON KENNER vs. J. GROSSMAN'S SONS.

Appeal from Civil District Court, Division "C."

Hiddleston Kenner, for Plaintiff and Appellee.

Benj. Ory and P. R. Livaudais, for Defendant and Appellant.

1. The measure of the reward of professional service is the exertion of legal knowledge, the responsibility incurred and labor bestowed.

2. A Court, in determining the amount of a fee. must be guided by a conscientious estimate of their value, and responsibility cannot be shifted from the bench to the bar, by accepting as conclusive the opinions of lawyers as to the value of the services rendered.

DUFOUR, J. The plaintiff, a practicing attorney of the local bar, sues to recover on a *quantum meruit* $250.00 for reducing to judgment an open account for $875.00 with interest.

The defendants claim that they employed the Credit Men's Association to collect the claim for an agreed charge of 5 per cent., but we find no justification for the theory of a contractual fee.

It appears that Mr. Kittredge, attorney for the Credit Men's Association, finding himself unable to attend to the matter, turned the claim over to plaintiff, who practices in the Parish of St. John the Baptist, where the debtor, Bougere, was domiciled. That the defendants did not directly employ him is of no consequence; they knew he had the matter in hand, accepted his services, and reaped the benefit of his labor. They must pay for them, particularly as they have not paid either the Credit Men's Association or Mr. Kittredge, and cannot, under the circumstances, be liable to them.

The issue is merely as to the value of the services.

The suit was on an open account and the case was not in any sense a litigated one, there were dilatory exceptions but no genuine defence presented. Continuances, appointment of judges

*ad hoc* and delay before reaching trial do not specially enhance the value of the services, and neither does the attendance on the terms of the county court, for plaintiff obtained the employment because he practiced regularly in the parish where the suit was brought.

The registry of the judgment was part of the attorney's duty, and the research which he made for purposes of execution need not have been extensive, when it is considered that the defendant had an interest in his father's estate, subject to his mother's usufruct, and that this necessarily insured payment of the judgment whenever a settlement of the succession was effected.

There was no special skill or learning necessary to accomplish the result, and no great responsibility was incurred.

The testimony of lawyers that the services were worth 20 per cent. of the amount collected is not conclusive, and the services were not rendered under the eye of the Court which fixed the fee.

"The measure of the reward of professional service is the execution of legal knowledge, the responsibility incurred and labor bestowed. * * * A Court in determining the amount of a fee must be guided by a conscientious estimate of their value," and responsibility cannot be shifted from the bench to the bar.

5 N. S. 401 ; 3 An. 521 ; 49 An. 1074.

The testimony, however, fairly indicates that when a suit is required to enforce the claim, the fee is larger than the usual 10 per cent. for collection without suit. This is reasonable.

We think that in the present instance, a fee of $125.00 would be adequate compensation, considering that the amount collected was $1000.00, which were paid directly by the debtor to defendants.

The defendants' brief refers to a plea of prescription of one year, which we do not find in the record; we are not aware that the prescription referred to applies to a case of this character.

Courts will not supply the plea, but, in case the term of one year was inadvertently stated in lieu of the term of three years, we may meet the issue with the statement that it is clear that payment was not to be made until the amount was collected.

It is ordered that the judgment herein be amended by reducing the allowance to plaintiff to the sum of $125.00, and that, as amended, the judgment be affirmed, appellee to pay costs of appeal, and appellant those of the lower court.

April 3rd, 1905.

Rehearing refused April 19th, 1905.